UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE A. TAYLOR, #487149,

        Plaintiff,

                                     CASE NO. 2:21-CV-10706
v.                                   HONORABLE SEAN F. COX

ST. LOUIS CORR. FACILITY, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  In his complaint, Michigan prisoner Dwayne A. Taylor ("Plaintiff") contests a prison misconduct proceeding.  He asserts a violation of his due process rights, negligence, bias/prejudice, and forgery.  ECF No. 1, PageID.5.  He names the St. Louis Correctional Facility, Inspector Brandon Hull, Sergeant Archambeau, Administrative Law Judge/Hearing Officer Fleming, and Hearing Investigator Thomas as the defendants in this action and sues them in their official and individual capacities.  *Id*. at PageID.2-4.  He seeks injunctive relief and monetary damages.  *Id*. at PageID.9.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).

### II.  FACTS

Plaintiff provides the following allegations in support of his complaint:

Inspector Brandon Hull was negligent in writing a careless misconduct and forging documents and lying about it trying to cover for his wrongdoings.
Sgt. Archambeau was negligent in the way he acted as the reviewing officer of the

misconduct.

ALJ Fleming was biased and prejudiced because she didn't listen to anything that was being said at the hearing by the inmate/Plaintiff, she already had her mind made and it was all one-sided, she didn't act as a neutral party trying to gather the facts of the matter.

H.I. Thomas was negligent in not providing the inmate/Plaintiff with all of the information he needed to file an appeal.

ECF No. 1, PageID.6.  Plaintiff states that he was placed in segregation for two and a half months where he experienced "inhumane treatment, disrespect, and no way of reading a newspaper or seeing the news or with any way of obtaining any legal information from a law library."  *Id*. at PageID.8.

### III.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

2

demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## IV. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons. First, Plaintiff's complaint against the St. Louis Correctional Facility must be dismissed. A prison facility or department is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sep. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Parker v. Michigan Dep't of*

*Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Bassler v. Saginaw Corr. Facility*, No. 2:19-CV-11202, 2019 WL 2502713, *2 (E.D. Mich. June 17, 2019); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently, Plaintiff's complaint against the St. Louis Correctional Facility must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

Second, Plaintiff's claims against defendants Hull (in part), Archambeau, and Thomas must also be dismissed because he merely alleges that they were negligent. It is well-settled that negligent conduct does not rise to the level of a constitutional violation under § 1983. *See Collins v. City of Harker Hghts.*, 503 U.S. 115 (1992); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010). Plaintiff's claims of negligence must therefore be dismissed.

Third, Plaintiff fails to allege sufficient facts in his complaint to state a due process claim. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicates a liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The United States Court of Appeals for the Sixth Circuit has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate

4

due process.  *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, *2 (6th Cir. Aug. 12, 1999).  In this case, Plaintiff states that he was placed in segregation for two and a half months – he does not indicate that he suffered a loss of good time credits.  He thus fails to state a due process claim arising from his misconduct conviction.

Even in the absence of a protected liberty interest in disciplinary credits, a prisoner may be able to raise a due process challenge to a prison misconduct conviction that results in a significant, atypical deprivation.  *Sandin*, 515 U.S. at 472; *see also Ingram*, 94 F. App'x at 273 (holding that unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due process claim fails).   Plaintiff fails to identify a significant deprivation arising from his misconduct conviction.  He merely states that he was placed in segregation for two and a half months with limited access to the news and law library.  This is not a significant, atypical hardship.  *See Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment liberty interest"); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding, did not create a liberty interest); *see also Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an 'atypical and significant' hardship because a prisoner has no constitutional right to be housed in a particular prison or held in

a specific security classification).  Plaintiff fails to state a due process claim in his complaint.

Fourth, even if Plaintiff's misconduct conviction resulted in the loss of good time credits, he still fails to allege sufficient facts to state a due process claim.  The minimum due process requirements for a prisoner in a disciplinary hearing are:  (1) written notice of the charges before the hearing; (2) an opportunity to call witnesses and present evidence at the hearing; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon and the reason for any action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  The decision of a prison disciplinary body must be supported by some evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).  False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing.  *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

In this case, Plaintiff's allegations challenging his disciplinary hearing are vague and conclusory.  For example, he does not describe the incident that led to the disciplinary proceedings, identify the misconduct charges, indicate what defendant Hull forged or lied about, or provide facts to explain with any specificity why or how defendant Fleming was biased/prejudiced against him.  Plaintiff's vague and conclusory allegations fail to satisfy the notice pleading standard of Rule 8(a) and are insufficient to state a claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).  Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 in his complaint.

Lastly, the defendants, who are employees of the Michigan Department of Corrections

6

("MDOC"), are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The MDOC, a Michigan government agency, is entitled to Eleventh Amendment immunity. *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The defendants, who are employees of the MDOC and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive

7

relief against the defendants in their official capacities must therefore be dismissed.

## V.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint and that the defendants are entitled to Eleventh Amendment immunity.  Accordingly, the Court dismisses with prejudice the civil rights complaint.  The Court further concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 8, 2021